[No. 11857.  Department Two.  August 10, 1914.]

CRAB CREEK LUMBER COMPANY, *Respondent*, v.
THE TOWN OF OTHELLO, *Appellant*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—SALE OF MATERIAL TO CONTRACTOR. In an action by a materialman against a town to recover for lumber sold to a contractor to be used in the construction of cross-walks and sidewalks, the court properly held that the sidewalks were built under contract with the town, and not under contract with property owners as alleged by defendant, where it appeared that the town council, after agreement with the contractor to build the cross-walks, allowed and paid a portion of his bill therefor, and afterwards assessed abutting property where the owners had not paid for the cost of sidewalks, and that a portion of the assessments had been paid.

PLEADING—REPLY—DEPARTURE. There is no departure between the amended complaint and the reply, in an action by a materialman for lumber sold to a contractor to be used in building sidewalks, where the complaint alleged the building of the sidewalks under contract with the town, while the reply alleged acts of the town relied upon as showing an arrangement between the town and the contractor for the building of the walks which would in law be in effect a contract though none had formally been entered into, there being no abandonment of the cause of action as pleaded.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—FAILURE TO TAKE BOND —LIABILITY TO MATERIALMAN—NOTICE. Rem. & Bal. Code, § 1161, providing for notice to a municipality by a creditor of a contractor claiming under a bond taken by the city for the protection of laborers and materialmen, does not apply in an action by the contractor to enforce liability against the city for failure to require the statutory bond.

SAME—LIABILITY OF CITY—DEFENSES—JUDGMENT AGAINST CONTRACTOR. The fact that the materialman had obtained judgment against the contractor on promissory notes, does not bar recovery in an action against the town for the material furnished, the liability of the town being a statutory one and not affected by the condition of the indebtedness as between the contractor and his creditors.

APPEAL—REVIEW—EXCEPTIONS—EFFECT—RECORD. Where, after a consultation between court and counsel at the conclusion of the evidence, the court announced judgment for the plaintiff, and subsequently filed a written memorandum of findings and judgment, which

[1]Reported in 142 Pac. 429.

appeared as part of the statement of facts, reciting that "By consent of the parties theretofore, the jury was discharged from further consideration of the case, judgment to be rendered by the court," and, at the bottom of the page containing the court's announcement of the jury's discharge and judgment for plaintiff, appeared "Exception allowed defendant," the discharge of the jury must be accepted as a fact certified by the court that the same was consented to, and that the exception went only to the amount and form of the judgment.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered December 1, 1913, upon findings in favor of the plaintiff, in an action for lumber sold to a contractor, used in a city improvement. Affirmed.

*John Truax*, for appellant.

*Miller & Lewis*, for respondent.

MORRIS, J.—Respondent brought this action to recover from appellant a balance due it on account of lumber sold to Robert Sams and used in the construction of sidewalks and cross-walks within the town of Othello. The complaint, as amended, alleged a contract between Sams and the town for the construction of these walks, and further alleged that the town neglected to obtain a bond from Sams for the protection of materialmen.

The town, answering this complaint, denied that it had any contract with Sams, and alleged that Sams made a private contract with a number of property owners for the building of the sidewalks, and that the town then agreed with Sams that he should build cross-walks and the town would pay him for the material and labor entering into the cross-walks. It was further alleged that the amount due respondent from Sams had been merged into promissory notes upon which judgment had been entered. In reply, it was set up that the town council, after its agreement with Sams to build the cross-walks, allowed and ordered a portion of his bill paid, and afterwards prepared an assessment roll and assessed abutting property, in cases where the owners had not paid Sams, for the cost of adjacent walks; that an ordinance was

subsequently passed confirming the assessment roll; and that the sums not paid were certified to the county treasurer and placed upon the tax rolls against the delinquent property; that a portion of these assessments had been paid.

The cause was set for trial as a jury cause and, upon the hearing, objection was made to the introduction of testimony, upon the ground that the respondent had no cause of action against the town, having elected to sue Sams upon the notes without joining the town, and that all respondent's rights had been merged in the judgment upon the notes. This objection was overruled. At the close of respondent's testimony, appellant moved for a directed verdict upon the ground that there was a departure between the amended complaint and the reply, in that, while in the complaint respondent had alleged a contract between Sams and the town, in the reply, liability was sought against the town upon the theory of estoppel because of facts therein alleged. This motion was denied. After some colloquy between the court and counsel as to the status of the case as developed by the evidence, the lower court announced its opinion that the jury should be discharged and judgment should go against the town for $331, the amount collected by the town under the assessment it had levied against abutting property. The jury was then discharged, and the lower court, in making up its judgment some days later, added to the first amount $196.14 as the cost of the material entering into cross-walks. From these several rulings, appeal has been taken.

So far as the facts are concerned, there was no dispute between the parties. The only question before the court was the proper judgment to be entered. Certainly, so far as the cross-walks were concerned, the court was justified in holding that they were built by Sams under contract with the town. If there was no agreement between the town and Sams as to the sidewalks themselves, it might be pertinent to inquire why the town was levying an assessment against abutting property. This act can be interpreted in no other way than

that Sams, in building these walks, acted with authority from the town. The only difference between the complaint and the reply was that the complaint alleged the building of the sidewalks under contract with the town, while the reply alleged the acts of the town which were relied upon as substantiating the claim that there was some arrangement between the town and Sams for the building of these sidewalks that would in law be in effect a contract though none had been formally entered into. A departure takes place when the party abandons his ground for recovery in favor of some new ground. Here, it seems to us, the reply did not abandon the cause of action as pleaded. When it set forth facts which it contended evidenced the relation between Sams and the town, it showed a recognition by the town that Sams was engaged in municipal improvement to such an extent as to make it obligatory upon the part of the town to require a bond for the payment of the indebtedness contracted in the work if it wished to avoid liability for such indebtedness.

There is no merit in appellant's contention that respondent has failed to comply with Rem. & Bal. Code, § 1161 (P. C. 309 § 97) relative to notice, where the creditor of a contractor of a municipality claims upon a bond taken by the municipality for the protection of laborers and materialmen. This was not an action upon a bond, and the section does not apply where liability is sought to be enforced against the municipality because of its failure to require the statutory bond.

There is no merit in appellant's contention that obtaining judgment upon the notes operated as a bar to respondent's recovery. The liability of the town is a statutory one growing out of its failure to require a bond, and this liability is not affected by the conditions of the indebtedness as between the contractor and his creditors. The statute, Rem. & Bal. Code, § 1159 (P. C. 309 § 93), covers all cases where dues and demands incurred in the performance of the work remain unpaid.

Appellant contends that the lower court should not have discharged the jury. The record is not clear as to the attitude of the parties at the time this order was made. The court and counsel for the respective parties, at the conclusion of the evidence, retired into the court's chambers, and while there entered into a discussion as to what should be done. Just what this discussion was does not wholly appear. It is evident that the court and counsel considered what there took place as a part of the trial proceeding, just as if it had taken place in the court room upon the withdrawal of the jury. The court then returned to the bench and announced its conclusion that there was nothing to submit to the jury, and that judgment should go for respondent. Subsequently the court filed a written memorandum of its findings and judgment which appears as part of the statement of facts, in which is recited "By the consent of the parties theretofore, the jury was discharged from further consideration of the case, judgment to be rendered by the court;" while at the bottom of the page containing the announcement by the court of the discharge of the jury and its announcement that respondent was entitled to judgment for $331, together with a lien on the assessments unpaid, appears in pencil, "Exception allowed defendant." It seems to us that we must accept the fact as certified by the court that the discharge of the jury was consented to, and that the exception noted went only to the amount and form of the judgment the court ordered to be entered.

We will not make special mention of other errors assigned by the appellant. They have all been given attention, and we find nothing demanding a reversal of the judgment, and it is affirmed.

Crow, C. J., Fullerton, Mount, and Parker, JJ., concur.